# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID ANTHONY VILLARREAL,

        Plaintiff,                             Case Number: 2:17-CV-12469
                                                HON. VICTORIA A. ROBERTS

v.

BILL J. PIGOTT, ET AL.,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

### I.

Pending before the Court is Plaintiff David Anthony Villarreal's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff's claims relate to the revocation of his parole. He seeks injunctive and monetary relief. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

### II.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was

2

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.

Petitioner names twelve defendants: an Administrative Law Judge (Tyra Laws-Wright), several employees of the Saginaw County Parole Office (Bill J. Pigott, Landon VanWormer, Katie Schall, Samuel J. Ruffino, and Stephanie M. Musser), a Michigan Department of Corrections (MDOC) grievance officer (Richard D. Russell), a parole violation specialist (Cynthia VanLake), and four members of the Michigan Parole Board (Combs, Eagen, King, and Wilson). Plaintiff's claims focus on the revocation of his parole.

In 1993, Plaintiff pleaded guilty in Saginaw County Circuit Court to one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), and no contest to two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a). He was sentenced to concurrent prison terms of five to fifteen years for the second-degree criminal sexual conduct conviction and twenty to forty years for each of the first-degree criminal sexual conduct convictions.

Plaintiff was released on parole in 2013. According to the complaint, in 2015, Plaintiff was given a polygraph test by the parole office and the results indicated deception. Plaintiff was charged, in 2015, with violating the terms of his parole by failing

3

to complete a sex offender treatment program, using a device capable of connecting to the internet, possessing a cell phone capable of taking photographs, and failing to charge his electronic monitoring device. Plaintiff was found guilty of all of the charged violations, with the exception of failing to complete a sex offender treatment program. His parole was revoked on August 19, 2015.

Plaintiff's complaint alleges that the revocation of his parole was improperly based upon the failed polygraph examination. He argues that the conditions of his parole did not require him to submit to a polygraph examination and that, but for the failed examination, his parole would not have been revoked.

The complaint necessarily challenges the validity of the parole revocation. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court established that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated. *Id.* at 486-87. Because Plaintiff has not achieved a favorable termination of the parole revocation, this complaint is barred by *Heck*.

Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE** pursuant

to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.[1]

**SO ORDERED**.

                                                                S/Victoria A. Roberts
                                                                VICTORIA A. ROBERTS
                                                                UNITED STATES DISTRICT JUDGE

DATED: October 24, 2017

---

[1] *See Hodge v. City of Elyria*, 126 Fed. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).